Brett R. LILLY; Maryann Baumann; Plaintiffs,

v.

The CITY OF SALIDA, By and Through the CITY COUNCIL OF SALIDA; Monica Griesenbeck, in Her Official Capacity as a Member of the City Council of Salida, and Individually, Defendants.

No. CIV.A.00–M–1357.

United States District Court, D. Colorado.

March 19, 2002.

John Stuart Zakhem, Doyle, Zakhem, Suhre & Lilly, LLC, Denver, CO, for Plaintiffs.

Sara A. Ludke, Vaughan & DeMuro, Colorado Springs, CO, for Defendants.

## ORDERS ON CROSS MOTIONS FOR SUMMARY JUDGMENT

MATSCH, District Judge.

■ This is an action for declaratory judgment and for damages under 42 U.S.C. § 1983 on the plaintiffs' claims that their business enterprise, Flour of Life, LLC ("Flour of Life") was destroyed by threatened enforcement of an ordinance of the City of Salida regulating amplified sound which, both facially and as applied, violated the freedom of expression protected by the First Amendment to the United States Constitution made applicable by the Fourteenth Amendment. The plaintiff moved for summary judgment declaring that the scope of the ordinance is overbroad and that its permit system so lacks in procedural safeguards as to constitute an invalid prior restraint. The defendants, City of Salida and Monica Griesenbeck, moved for summary judgment of dismissal of all of the plaintiffs' claims. At the hearing held on November 16, 2001, counsel for the City informed that the subject ordinance has been repealed and replaced by a different ordinance enacted on December 4, 2000. The plaintiffs' claims are not moot because the subject ordinance was in effect during the time of their business operation and they claim that it caused them to so curtail their business operations that they were forced to close the business with consequent damages.

Salida City Code, § 5–2–7–9A., enacted in July, 1986, read as follows:

1. Prohibited: No person shall create or use amplified sound at any place, public or private, within the limits of the City created or produced by any electrical device, including by way of illustration, but not by way of limitation, radios, television sets, record or tape players, musical instruments and public address systems, which can be heard by the average person at a distance of more than twenty five feet (25') from the source of the said sound.

2. Exceptions: The following are excepted from this prohibition contained in paragraph 1, above:

 a. Persons using amplified sound who have a permit to do so granted from the City Council for use at a particular location, for specified hours, on specified dates or in connection with a specific event or activity.

 b. Persons using amplified sound on private real property owned or occupied by them, where the amplified sound cannot be heard by the average person more than twenty five feet (25') from the property upon which the source of the amplified sound being created is located.

3. *Prima Facie* Evidence: In prosecutions for violations of this Section, it

shall be *prima facie* evidence that amplified sound is being produced in violation of this Section, when the sound being produced is audible to the police officer issuing a summons for violation hereof the prescribed distance from the source or private property on which it is being produced, or is audible to one or more complainants other than a police officer the prescribed distance from the private property upon which it is being produced.

4. Violation and Penalties: Any person who violates paragraph 1 of this subsection commits a misdemeanor, and, upon conviction thereof, the Municipal Court shall impose a fine not to exceed three hundred dollars ($300.00) and/or a term in jail not to exceed ninety (90) days. That the person fell into one of the exceptions permitted in paragraph 2 above shall be an affirmative defense to be raised by a person charged with violating paragraph 1. (1986–20, 7–21–86, eff. 8–25–86.)

The plaintiffs opened their business on North F. Street in downtown Salida in a commercial use zone district on February 20, 1998. As part of their enterprise, they scheduled live musical performances inside the building on Friday and Saturday evenings and Sunday afternoons. Two other businesses on North F. Street, the Victoria Bar and Tavern and the Cornerstone Pub also had live musical entertainment inside their buildings.

After being notified by the police of the existence of the amplified sound ordinance, Mr. Lilly went to the City Clerk's office on March 23, 1998, to obtain a permit. He alleges that the Clerk told him that the City Council only issued permits for events taking place on public property.

In June, 1998, the plaintiffs sponsored musical entertainment in a large outdoor patio connected to the Flour of Life building. The police advised the plaintiffs that citizen complaints of noise had been made and the police warned that a citation for violation of the ordinance would issue if the complaints continued. Mr. Lilly returned to the City Clerk who granted his request to appear before City Council at a meeting on July 13, 1998.

The Flour of Life sponsored a live music performance using amplified sound on July 3, 1998, in the afternoon. The police advised Mr. Lilly that they were receiving citizen complaints. Mr. Lilly agreed to turn down the volume of the music and ended the music at 4 p.m., but resumed it at approximately 7:30 p.m. that evening. The defendant Ms. Griesenbeck, who lives about 150 feet from the Flour of Life building, called the police to complain about the noise at about 9:00 p.m. Police Officer Minnis went to the Flour of Life and asked Mr. Lilly to turn down the volume. When he refused, Officer Minnis served a summons to appear in Salida Municipal Court on August 12, 1998, to answer for an alleged violation of the ordinance.

On July 4, 1998, the plaintiffs sponsored another musical performance and at about 11:30 that night, Ms. Griesebeck entered the business and asked Mr. Lilly to turn down the volume because she could not sleep in her residence. There is a factual dispute about the demeanor and manner of Ms. Griesenbeck on that occasion, the plaintiff claiming that she was extremely hostile and threatening.

At the City Council meeting on July 13, 1998, Mr. Lilly appeared to urge modification of the ordinance. The meeting was well attended by citizens who expressed opposing views both for and against the ordinance. The meeting ended in what appeared to be an agreement that the City Council would grant the plaintiffs a "vari-

ance" from enforcement of the ordinance and that the mayor would measure decibel levels at a performance on July 31, 1998. The mayor did not appear at that time but the police did and issued a written warning that the music could be heard at a distance farther away than the ordinance permitted.

On August 17, 1998, the City Council elected that the summons for ordinance violation in the Municipal Court be dismissed and it was. The plaintiffs closed their business in August, 1998, and dissolved the Flour of Life on November 30, 1998, losing their investment.

 The Salida amplified sound ordinance at issue in this case is in violation of the freedom of expression protected by the First and Fourteenth Amendments. The 25 feet limitation on the audibility of sound measured from the property line is so limiting that it constitutes a complete ban on the use of amplified sound for any form of speech. It cannot be justified as a reasonable time, place and manner restriction on speech and cannot be considered to be narrowly tailored to meet the governmental interest in protecting the community against unwanted noise. Additionally, the permit system constitutes an impermissible prior restraint on speech because the ordinance fails to prescribe any standard for the exercise of official discretion in issuing a permit and there are no procedural safeguards limiting the discretion of City Council or providing for prompt judicial review of a denial decision. Accordingly, the plaintiffs are entitled to summary judgment declaring the ordinance unconstitutional on its face.

 The motion of defendant Ms. Griesenbeck for summary judgment dismissing the claims against her will be granted. To the extent that the plaintiffs' claims are made against her in her official capacity, there is no difference from the claims against the City of Salida. The claims against her individually are not sufficient to create liability for the enforcement or threatened enforcement of the ordinance. While the Salida police may have been more responsive to her complaints than those of other citizens, she did not exercise any authority as a member of City Council in making those complaints and she had a valid reason as a nearby resident to seek the assistance of the police in enforcing the ordinance. That does not constitute the kind of abuse of authority that creates liability for an official acting under color of law. Moreover, Ms. Griesenbeck is entitled to qualified immunity because her conduct, accepting the plaintiffs' allegations as true, could not reasonably be understood by her as being in violation of the plaintiffs' protected constitutional rights.

 The motion of the defendant, City of Salida, to dismiss the plaintiffs' damage claims and claims that the ordinance was unconstitutionally applied to them raise matters that are in factual dispute. Clearly, it will be incumbent upon the plaintiffs to prove at trial that the threatened enforcement of this invalid ordinance caused the loss of their business and the amount of resulting damages.

Upon the foregoing, it is

ORDERED that the plaintiffs' motion for partial summary judgment declaring the ordinance facially invalid is granted and it is

FURTHER ORDERED that the motion of Monica Griesenbeck for summary judgment of dismissal is granted and this civil action is dismissed as to her, and it is

FURTHER ORDERED that the motion for summary judgment of dismissal by the City of Salida is denied.